# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**20,500**
(Inmate Number)

**SHANNON L. MAYO SR.**
(Name of Plaintiff)

**3400 CONCORD RD.**
(Address of Plaintiff)

**YORK, PA. 17402**

vs.

**THE COUNTY OF YORK**
**YORK COUNTY PRISON ADMINISTATORS**
**PRIME CARE MEDICAL + EMPLOYEES**
(Names of Defendants)

: **10-1869**
: (Case Number)
:
:
:
: **COMPLAINT**
:
: FILED
: SCRANTON
:
: SEP 07 2010
:
: PER _Amw_
:      DEPUTY CLERK

TO BE FILED UNDER:  _X_ 42 U.S.C. § 1983 - STATE OFFICIALS

___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   **N/A**

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
      _X_ Yes   ___ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
      _X_ Yes   ___ No

      If your answer is no, explain why not _____

   C. Is the grievance process completed?   _X_ Yes   ___ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant MARY SABOL is employed as WARDEN at YORK COUNTY PRISON

B. Additional defendants CLAIR DOLL, DEPUTY WARDEN, YORK COUNTY PRISON. CHRIS JENSEN, HEAD ADMINISTRATIVE SERVICE YORK COUNTY PRISON, JEN MIOSI, HEAD NURSE, YORK COUNTY PRISON. ROBIN ROCHOW - PHYSICIANS ASSISTANT

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. WARDEN MARY SABOL - ALL GRIEVANCES ARE FORWARDED TO THE WARDEN AND SHE FORWARDS THE ENTIRE PACKAGE TO THE SOLICITOR FOR REVIEW. ON 5/5/10 I SENT GRIEVANCE NO. 04/310H TO THE SOLICITOR. MY GRIEVANCE PERTAINS TO

2. DEPUTY WARDEN CLAIR DOLL - ON 5/2/10 I RECIEVED AN 805A RESPONSE FROM DEPUTY WARDEN (D/W) DOLL. IT STATES, "I FIND H.A.S. JENSEN'S EXPLANATION REASONABLE; SPECIFICALLY, THAT YOU WERE RECIEVING TOO MUCH

3. CHRIS JENSEN, H.A.S. - ON 4/13/10 COMPLAINT SUPERVISOR (AND H.A.S.) RESPONDED TO 801 GRIEVANCE." ON 3/9/10 THE INMATE SUBMITTED A SICK CALL SLIP REPORTING AN INCREASED USE OF HIS PRN NEBULIZER TREATMENTS.

V.   Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. FIND PLAINTIFF'S GUILTY OF DELIBERATE INDIFFERENCE FOR KNOWING OF THE SERIOUS MEDICAL RISK I WAS EXPOSED TO AND DID NOT TAKE REASONABLE ACTION TO PREVENT SUBSTANTIAL RISK OF SERIOUS HARM AND DISREGARDED THAT RISK BY FAILING TO TAKE REASONABLE MEASURE TO ABATE IT

2. FIND DEFENDANT'S GUILTY OF FAILING TO FOLLOW TREATMENT PRESCRIBED TREATMENT BY MEDICAL PROFESSIONAL OR INTENTIONALLY BLOCKING THAT PROFESSIONAL'S PRESCRIBED MEDICAL TREATMENT AND OBSTRUCTED NEEDED PRESCRIBED MEDICAL TREATMENT.

3. PAY CLAIMANT COMPENSATORY AND PUNITIVE DAMAGES UNDER EIGHTH AMENDMENT RIGHT VIOLATION AND FOR CRUEL AND UNUSUAL PUNISHMENT BECAUSE THEY STOPPED MY BREATHING TREATMENTS AGAIN ON 8/30/10. INJUNCTION TO RE-START BREATHING TREATMENTS UNTIL INVESTIGATED.

Signed this ___31___ day of ___August___, 2010.

___Shannon L. Mayo Sr.___
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

___August 31, 2010___         ___Shannon L. Mayo Sr.___
(Date)                        (Signature of Plaintiff)

3

FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

### COVER SHEET

**THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.**

*************************************************************************

The cost for filing a civil rights complaint is $350.00.

If you do not have sufficient funds to pay the full filing fee of $350.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.

*************************************************************************

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $350.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. Check here if you are submitting the filing fee with the complaint form. ____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court.</u> Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees. _X_

Please Note: If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS



III. DEFENDANTS

PRIME CARE MEDICAL - MEDICAL STAFFING, FOR YORK COUNTY PRISON MEDICAL SECTION EMPLOYEE'S.

THE COUNTY OF YORK PRISON BOARD - THE COUNTY OF YORK - YORK, PA.

COUNTY OF YORK - EMPLOYER OF YORK COUNTY PRISON AND PRISON BOARD

IV. STATEMENT OF CLAIM

1.) ON MARCH 10, 2010 MY NEBULIZER BREATHING TREATMENTS (B/T) WERE STOPPED BY A PHYSICIANS ASSISTANT (P/A) NAMED ROBIN ROCHOW. APPROXIMATELY MARCH 12, 2010, MY FIANCE SPOKE TO A DEPUTY WARDEN WHO TOLD MY FIACE THAT HE WOULD INFORM THE WARDEN OF MY SITUATION AND THAT I SHOULD FILE A GRIEVANCE, WHICH I DONE. AT NO TIME DID WARDEN SABLE OR A REPRESENTATIVE OF HER'S EVER CONTACT ME CONCERNING MY GRAVE PLIGHT. ON 5/5/10 THE 806 WAS FORWARDED TO THE WARDEN.

2.) OF THE MEDICATION. THE PROVIDER APPEARS TO HAVE ADJUSTED YOUR MEDICATIONS. YOU THEN SUBMITTED A SICK CALL TO MEET WITH DR. VON KIEL, WHICH YOU DID. AFTER THIS MEETING, HE RESUMED YOUR NEBULIZER TREATMENTS. IN SUMMARY, THE MEDICAL DEPARTMENT CONTINUES TO ADDRESS YOUR CONCERNS AND PROVIDE YOU THE NEEDED TREATMENTS APPROPRIATE TO YOUR SYMPTOMS. YOUR APPEAL IS DENIED.

3.) BECAUSE THE INMATE RECIEVES THE SAME MEDICATION IN AN INHALER, THE PROVIDER FELT THE INMATE WAS POTENTIALLY USING TOO MUCH OF THE MEDICATION. ON 3/10/10 THE NEBULIZER TREATMENTS WERE DISCONTINUED."

②

## IV. Statement of Claim (cont.)

On 3/11/10 a nurse named Emily was the charge nurse. She called the "Medical Director" who instructed her to give me ONLY the Albuterol nebulizing solution and not both. H.A.S. Jensen was aware my medication was stopped and done nothing to help me.

4) Jen Miosi, Head of Nursing was aware on 3/10/10 that my breathing treatments were stopped and did not act upon that knowledge despite knowing the severity of my respiratory condition. On 3/15/10 Nurse Miosi and I reviewed medical records from Lebanon Veteran's Medical Center that she recieved and reviewed prior to us reviewing them. Those records indicate that I have Reactive Airway Disease and C.O.P.D; and even with that knowledge, refused to take immediate and appropriate action, and prevented me from recieving needed and prescribed medical treatment. On 3/12/10, I seen Nurse Miosi in the hallway and she told me, "she was on it," but, done nothing to provide the prescribed treatments that the Prison Doctor, Dr. Von Kiel prescribed. On 3/15/10 after reviewing the respiratory record frm the V.A. I asked Nurse Miosi, "Why were my breathing treatments stopped?" Nurse Miosi stated, "Because of your socializing in medical.... I'm only speculating!" Nurse Miosi knew of my chronic respiratory condition and constant need for medication and knew that the Albuterol Inhaler was not effective in treating my cronic condition and that I needed a

③

IV.     STATEMENT OF CLAIM (CONT.)

BROADER TREATMENT PROGRAM. AS STATED IN THE STATEMENT CONCERNING H.A.S. JENSEN (PT.3), ON 3/9/10 I WENT ON SICK CALL REPORTING I WAS USING "MORE" OF THE NEBULIZIER TREATMENTS BECAUSE OF THE POOR VENTILATION IN THE AREA I WAS BEING HOUSED. THAT SHOULD HAVE BEEN A RED HERRING TO H.N. MIOSI AND H.A.S. JENSEN.

5) ROBIN ROCHOW, PHYSICIAN'S ASSISTANT (P/A) — IT WAS P/A ROBIN WHO, ON MARCH 10, 2010 STOPPED MY NEBULIZER BREATHING TREATMENTS. I REPORTED TO MEDICAL FOR A B/T AND CHARGE NURSE BRAD JONES INFORMED ME THAT P/A ROBIN STOPPED MY BREATHING TREATMENTS. IF THE P/A WAS GOING OFF THE CURRENT MEDICAL RECORD, SHE HAD TO SEE THAT ON MARCH 9, 2010 I WAS IN MEDICAL ON SICK CALL STATING, "THAT BECAUSE OF THE POOR VENTILATION IN MY HOUSING AREA THAT I WAS REQUIRING MORE B/T's THAN I NORMALLY USED. I AM PRESCRIBED THEM EVERY 4-6 HOURS. I WAS ONLY USING A B/T AT 1400 AND AT 2200. AFTER I WAS HOUSED IN THE NEW AREA, OLD NORTH, I NEEDED A B/T EARY MORNING (9-10AM) INSTEAD OF MY USUAL TWO (2) PUFFS FROM THE ALBUTEROL INHALER AND I BELIEVE ON TWO (2) OCCASSIONS (DIFFERENT DAYS) I REQUIRED A B/T FOUR (4) TIMES. THE TIMES I RECIEVED A B/T EARLY MORNING, I DID NOT USE THE ALBUTEROL INHALER! AS I STATED IN THE 804 APPEAL AND THE 806 SOLICITOR'S REVIEW APPEAL TO THE YORK COUNTY PRISON BOARD, IF I AM PRESCRIBED NEBULIZER TREATMENTS FOUR (4) TIMES A DAY, AND GET A NEBULIZER TREATMENT MAJORITY OF THE