IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON L. MAYO, SR., | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-1869 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| THE COUNTY OF YORK, et al., | : | (Magistrate Judge Smsyer) |
|     Defendant | : | |

**MEMORANDUM ORDER**

Plaintiff Shannon Mayo commenced this action by the filing of a complaint on September 7, 2010. (Doc. No. 1.) He filed leave to proceed in forma pauperis (Doc. No. 2), which Magistrate Judge Smyser granted on September 23, 2010 (Doc. No. 10). On September 20, 2011, Plaintiff filed a motion to appoint counsel. (Doc. No. 59.) Magistrate Judge Smyser denied the motion on November 3, 2011, without prejudice to Plaintiff's right to seek appointment of counsel at a later date. (Doc. No. 66.) On November 10, 2011, Plaintiff filed a document entitled "Appeal of Decision not to Appoint Counsel," challenging Magistrate Judge Smyser's denial of his motion to appoint counsel. (Doc. No. 72.) Plaintiff filed an addendum to that "appeal" on November 18, 2011. (Doc. No. 78.)

Indigent litigants have no constitutional or statutory right to the appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir.1997). Appointment of counsel in such circumstances is left to the sound discretion of the courts. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir.1993) (finding that § 1915(e) "gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case-basis"). The first factor to be considered in

appointing counsel is whether a case has arguable merit. Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 153). In those cases in which a court determines a claim does have some merit, the Third Circuit has identified a non-exhaustive list of factors that a court should consider in determining whether to appoint counsel, namely:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issue;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Id. (citing Tabron, 6 F.3d at 155-56, 157 n. 5). Magistrate Judge Smyser considered the factors identified by the Third Circuit, and found that at this stage, the relatively straightforward nature of the case and limited need for investigation suggest that Plaintiff is able to proceed without the benefit of counsel. The Court agrees.

**ACCORDINGLY**, on this 19th day of January 2012, **IT IS HEREBY ORDERED THAT** Plaintiff's "Appeal of Decision not to Appoint Counsel" (Doc. No. 72) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
