**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHANNON L. MAYO, SR.,** | : | |
| Plaintiff | : | Civil Action No. 1:10-cv-1869 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **THE COUNTY OF YORK, et al.,** | : | (Magistrate Judge Smyser) |
| Defendant | : | |

**MEMORANDUM ORDER**

Magistrate Judge Andrew Smyser issued a Report and Recommendation on February 16, 2012, in which he recommended that this Court dismiss in part Plaintiff's amended complaint and grant Plaintiff leave to file an amended complaint. (Doc. No. 104.) In the Report and Recommendation, Magistrate Judge Smyser advised Plaintiff that objections were due within fourteen days of the filing of the Report and Recommendation. (Doc. No. 104-1.) No party objected to the Report and Recommendation. On March 14, 2012, this Court adopted the Report and Recommendation of Magistrate Judge Andrew Smyser, dismissed in part Plaintiff's amended complaint, and granted Plaintiff leave to file an amended complaint within twenty days. (Doc. No. 109.) Two days after the Court's March 14, 2012 order was filed, Plaintiff filed objections to the Report and Recommendation, regarding the recommendation to dismiss claims against Defendants Von Kiel, Hare, Shafer, Becker, and Mae Baldwin. (Doc. No. 110.) He did not object to the recommendation of dismissal as to any other defendants. Although the Court has already adopted the Report and Recommendation, in light of the difficulties of pro se litigation, the Court will once again conduct a de novo review of those portions of the Report and Recommendation to which Plaintiff has lodged objections to determine whether vacatur of this Court's March 14, 2012 order is warranted.

1

The Court first considers the objections filed as to Defendant Von Kiel. In his objections, Plaintiff argues that Defendant Von Kiel, a physician who treated Plaintiff for chronic obstructive pulmonary disease, reactive airway disease, and emphysema while Plaintiff was in prison, failed to provide him with the proper medication. However, the common theme of the allegations regarding Defendant Von Kiel in Plaintiff's amended complaint is that Defendant Von Kiel prescribed medication to Plaintiff and prison officials prevented Plaintiff from receiving that care. (See, e.g., Doc. No. 55 ¶¶ 59, 67, 83.) Even accepting the allegations in Plaintiff's objections, which cannot serve to supercede the allegations in the complaint, Plaintiff does little more than object to the medical opinions of his doctor. Such disagreements cannot rise to the level of an Eighth Amendment claim. See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Accordingly, the Court did not err in dismissing without prejudice the claims against Defendant Von Kiel.

Regarding the claims against Defendant Danica Hare, Plaintiff's objections indicate that he believes she violated his Eighth Amendment rights when she doubled his anxiety medication, which resulted in an overdose. Plaintiff does not, however, include any such allegations in his complaint. Indeed, the only allegation in Plaintiff's complaint regarding Defendant Hare is a single paragraph identifying her as "an L.P.N., and mental health assistant/counselor on the medical staff at York County Prison." (Doc. No. 55 ¶ 20.) Because Plaintiff's complaint does not provide any additional allegations against Defendant Hare, the Court did not err in dismissing the claims against Defendant Hare without prejudice to Plaintiff endeavoring to plead claims against her in an amended complaint.

In Plaintiff's objections, Plaintiff argues that dismissal is not warranted as to his claims

against Defendant Betty Ann Becker because she violated his Eighth Amendment rights by dispensing a combination nebulizer solution which contained both albuterol and ipotropium bromide.  The only allegation in the complaint referring to Defendant Becker, however, is a vague claim that a group of defendants, which included her, "were knowledgeable of the prescription for my respiratory medications and changed it, attempted to change it, or concurred in a change."  (Doc. No. 55 ¶ 91.)  Based on these allegations the Court has no way of knowing what exactly Defendant Becker is alleged to have done to this Plaintiff and whether her actions state a claim.  Because Plaintiff fails to allege facts in his complaint that would move the claim beyond the speculative, the Court must conclude that it did not err in dismissing the claims against Defendant Becker.

Next, Plaintiff argues that dismissal is improper as to his claims against Defendant Shafer because Defendant Shafer dropped the nebulizer mouthpiece on the "nasty" floor and gave it to Plaintiff without sanitizing the mouthpiece.  Plaintiff alleges that he has contracted herpes as a result.  Plaintiff's claims may support a claim for negligence.  However, Plaintiff has not alleged facts to support a finding that Defendant Shafer possessed the necessary culpable state of mind to state an Eighth Amendment claim.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (concluding that negligence or medical malpractice alone cannot constitute deliberate indifference).  Accordingly, the claims against Defendant Shafer were properly dismissed.

Finally, regarding Defendant Mae Baldwin, Plaintiff alleges in his objections that she denied him treatment in violation of his Eighth Amendment rights.  The complaint, however, is devoid of any allegations specifically addressing any actions that Defendant Mae Baldwin took.  Instead, it merely identifies her as a nurse on the medical staff at the York County Prison.  (Doc.

No. 55 ¶ 21.)  In the absence of any allegations in the complaint, the Court must find that the claims against Defendant Mae Baldwin were properly dismissed.

     **ACCORDINGLY**, on this 20th day of March 2012, **IT IS HEREBY ORDERED THAT** Plaintiff's objections (Doc. No. 110) are **OVERRULED** and the Court will not disturb its March 14, 2012 order.  Plaintiff is reminded that he has twenty days from the date of that order to file an amended complaint addressing the defects outlined in this order and Magistrate Judge Smyser's Report and Recommendation.

                                                                     S/ Yvette Kane
                                                                     Yvette Kane, Chief Judge
                                                                       United States District Court
                                                                       Middle District of Pennsylvania