**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHANNON L. MAYO, SR.,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:10-cv-1869** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **THE COUNTY OF YORK, et al.,** | : | **(Magistrate Judge Smyser)** |
| **Defendant** | : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Plaintiff Shannon Mayo's  appeal of Magistrate

Judge Andrew Smyser's order denying Plaintiff's motion for an extension of time to file a

certificate of merit and striking the certificates of merit filed by Plaintiff.  (Doc. No. 103.)  For

the reasons that follow, the Court will deny Plaintiff's appeal.

Under Pennsylvania law, any medical malpractice claim must be accompanied by a

certificate of merit that must be filed within sixty days of the filing of the complaint.  Pa. R. Civ.

P. 1042.3(a)(1).   This is a substantive rule that applies with equal force to claims of medical

malpractice based on Pennsylvania law filed in federal courts.  Liggon-Redding v. Estate of

Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011).  When a plaintiff fails to file a timely certificate

of merit, a defendant may seek to have a judgment of non pros entered.  Pa. R. Civ. P. 1042.6.  In

federal courts, a judgment of non pros is "the equivalent of a dismissal without prejudice;" as

such, claims that are not time barred may be refiled.  Booker v. United States, 366 F. App'x 425,

427 (3d Cir. 2010); see also Bucci v. Detroit Fire & Marine Ins. Co., 167 A. 425, 427-28 (Pa.

Super. Ct. 1933) (finding that a non pros judgment does not bar a plaintiff from filing a second

claim against a defendant so long as the statute of limitations has not expired).

In the present matter, Plaintiff filed an amended complaint on August 29, 2011.  (Doc.

1

No. 55.)  He did not file a motion for an extension of time to file a certificate of merit until

December 12, 2011, approximately two months after the certificates of merit were due and one

month after Defendants moved to dismiss on the basis of Plaintiff's failure to file a certificate of

merit.  (Doc. No. 87.)  On December 20, 2011, and January 4, 2012, Plaintiff filed a number of

documents he identifies as certificates of merit.  These documents, however, are not in

compliance with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.  Rather, the

documents are more properly construed as requests that Plaintiff be excused from compliance

with the certificate of merit requirement because he is proceeding as a pro se prisoner.  (Doc.

Nos. 90, 95.)

       The Court is sympathetic to the challenges faced by pro se litigants who attempt to

pursue civil claims while incarcerated.  Pennsylvania law makes clear, however, that a plaintiff

is not absolved from complying with the certificate of merit requirement simply because he is

proceeding pro se.  Hoover v. Davila, 862 A.2d 591, 595 (Pa. Super. Ct. 2004).  Because

Plaintiff has not attempted to produce a proper certificate of merit and did not seek leave to file a

certificate of merit until well after Defendants moved to dismiss on this basis, the Court finds

that Magistrate Judge Smyser properly denied Plaintiff's motion for an extension of time to file a

certificate of merit.  The Court further notes that the Court has granted Plaintiff leave to file a

second amended complaint.  (Doc. No. 109.)  While Plaintiff has stated that he is not actually

pursuing a medical malpractice claim, to the extent Plaintiff misunderstood the significance of

his statement, Plaintiff may seek to explicitly state a claim for medical malpractice in his second

amended complaint, should he file a second amended complaint.  If he elects to do so, however,

Plaintiff is advised that he will be expected to comply with the certificate of merit requirement

and that while his status as a pro se litigant may justify the granting of a motion for an extension of time to comply with the rule, his status will not serve to excuse him from the requirement of complying with the rule.

**ACCORDINGLY**, on this 20th day of March 2012, **IT IS HEREBY ORDERED THAT** Plaintiff's appeal (Doc. No. 111) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania