IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON MAYO, SR., | : | |
|     Plaintiff | : | No. 1:10-cv-1869 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| COUNTY OF YORK, et al., | : | (Chief Magistrate Judge Carlson) |
|     Defendants | : | |

## MEMORANDUM

Currently before the Court is the moving defendants Chris Jensen, Jen Miosi, Robin Rochow, Shannon, Todd Haskins, and Mike Baldwin's motion for summary judgment (Doc. No. 122), Magistrate Judge Carlson's Report and Recommendation (Doc. No. 142), and Plaintiff's objections thereto (Doc. No. 158). For the reasons that follow, the Court will adopt Magistrate Judge Carlson's report in its entirety, and deny in part and grant in part the moving defendants' motion for summary judgment.

### I. BACKGROUND

The lengthy factual and procedural background of the above-captioned action is detailed in Magistrate Judge Carlson's Report and Recommendation (Doc. No. 142), and the Court need not reproduce it here. Plaintiff presents numerous claims against numerous defendants based on his detention at the York County Prison while he was a pretrial detainee. The defendants fall into two groups: the medical staff at York County Prisons (medical defendants) and the correctional staff at York County Prison (county defendants). Liberally construed, Plaintiff alleges that the medical defendants denied him prescribed medical treatments, retaliated against him for filing grievances by placing him in a medical confinement cell, and that his conditions of confinement fell below constitutionally approved standards. (Id. at 4-10.)

1

On July 12, 2012, six of the remaining medical defendants in this action filed a motion for summary judgment. (Doc. No. 122.) Magistrate Judge Carlson issued a Report and Recommendation, recommending that the moving defendants' motion should be granted in part and denied in part as follows: (1) granted with respect to Plaintiff's denial of medical care claim; (2) granted with respect to Plaintiff's retaliation claim, except for the retaliation claim filed against Mike Baldwin; and (3) denied with respect to Plaintiff's conditions-of-confinement claim. (Doc. No. 142 at 1.) Plaintiff filed objections to Magistrate Judge Carlson's Report and Recommendations.[1] (Doc. No. 158.)

## II. DISCUSSION

### A. Denial of Medical Care

Failure to provide medical care to a person in custody rises to the level of a constitutional violation only if that failure constitutes "deliberate indifference" to that person's serious medical needs. Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995). To make out a denial of medical care claim, the plaintiff is required to allege: (1) a serious medical need, and (2) acts and omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). In order to demonstrate that a prison official acted with "deliberate indifference," the plaintiff must show that the prison official knew of the substantial risk of serious harm and disregarded that risk by failing to take reasonable

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge has authority to file proposed findings and recommendations. In response, a party may file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). In deciding whether to accept, reject, or modify any part of the magistrate judge's disposition, the Court must make a de novo determination of the portions to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

2

measures to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The United States Court of Appeals for the Third Circuit had found "deliberate indifference" when a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays a medically necessary treatment based on non-medical reasons; or (3) prevents an inmate from receiving necessary or recommended medical treatment. Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003). That said, the Third Circuit has also made clear that mere misdiagnosis or negligent treatment is not actionable, because medical malpractice is not a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Instead, deliberate indifference requires a showing of "obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Accordingly, courts have frequently rejected Eighth Amendment claims that are based upon the level of medical care that an inmate received. See, e.g., Montilla v. Prison Health Servs., Inc., 457 F. App'x. 212, 214 (3d Cir. 2012). Moreover, it is also well-established that non-medical personnel will not be considered "deliberately indifferent" simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1992).

Magistrate Judge Carlson recommends that the Court grant the moving defendants' motion for summary judgment on Plaintiff's denial of medical care claim because Plaintiff has not presented sufficient evidence to enable a reasonable trier of fact to conclude that the moving defendants were deliberately indifferent to his serious medical needs. (Doc. No. 142 at 22.) Although the parties dispute the "tone, tenor, and sufficiency" of the medical treatment that

3

Plaintiff allegedly received, Magistrate Judge Carlson observes that both parties' submissions make clear that these appointments occurred and "some level of professional care" was afforded to Plaintiff. (Doc. No. 23 at 24.) Accordingly, because Plaintiff's denial of medical care claim ultimately turns on a "difference of opinion regarding the efficacy of alternate medications," Magistrate Judge Carlson concluded that Plaintiff's claim does not rise to the level of a constitutional violation and thus the moving defendants are entitled to judgment as a matter of law. (Doc. No. 142 at 23.)

Plaintiff filed seventy-three pages of objections to Magistrate Judge Carlson's Report and Recommendation. (Doc. No. 158.) With respect to Magistrate Judge Carlson's recommendation concerning Plaintiff's denial of medical care claim, Plaintiff's main objection appears to be that the moving defendants should not have stopped his nebulizer treatments and replaced them with inhalers. (Doc. No. 158 at 18, 26.) In support, Plaintiff cites entries in his medical records which indicate that Plaintiff's nebulizer treatments were discontinued by the medical staff, and then restarted by Dr. Von Kiel. (Doc. No. 158 at 1-209; Doc. No. 123-1 at 61; Doc. No. 123-1 at 42; Doc. No. 123-2 at 9.) Plaintiff also cites grievances in which he complains that his nebulizer treatments were discontinued in favor of alternate treatments. (Doc. No. 158 at 40.) Plaintiff argues that this evidence is sufficient to infer that the medical defendants were deliberately indifferent to his serious medical needs.

The Court finds that Plaintiff's objections are without merit. Although Plaintiff filed several grievances regarding an alternative course of treatment (id. at 26), Plaintiff's citation of these grievances in his objections does not establish a genuine dispute of material fact. Even assuming that Plaintiff correctly submits that his nebulizer treatments should not have been

stopped and replaced by an alternative course of medical treatment (id. at 18), mere misdiagnosis or medical malpractice does not constitute deliberate indifference. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Accordingly, the Court finds that Magistrate Judge Carlson correctly concluded that the moving defendants are entitled to summary judgment on Plaintiff's denial of medical care claim, and overrules Plaintiff's objections thereto.

### B. Retaliation

An inmate claiming that a defendant has retaliated against him for exercising his constitutional rights must show that: (1) his conduct was constitutionally protected; (2) he suffered "adverse action" at the hands of the defendant; and (3) his constitutionally protected conduct substantially motivated the defendant's retaliatory action. Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002). Once a prisoner makes out his prima facie case, the burden then shifts to the defendant to prove by a preponderance of the evidence that she would have made the same decision absent the protected conduct for reasons reasonably related to penological interests. Id. The bar for making out a retaliation claim is a high one; the plaintiff must show a connection between his protected activity and the retaliatory conduct, either by showing (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).

In his Report and Recommendation, Magistrate Judge Carlson recommends that the Court grant summary judgment in the moving defendants' favor, with the exception of defendant Mike Baldwin. (Doc. No. 142 at 29.) In making his recommendation, Magistrate Judge Carlson concludes that the "undisputed fact" that Plaintiff refused medical treatment prior to his

5

placement in Med Cell 2 supports the moving defendants' assertion that he was placed there for legitimate penological reasons. (Id. at 28-29.)

Plaintiff filed objections, arguing that he has presented evidence of a genuine dispute of material fact with respect to his retaliation claim. In support, Plaintiff contends the following: (1) defendant Jensen ordered Plaintiff moved to Med Cell 2 in response to his "multiple complaints" about the medical treatment he was receiving; (2) Plaintiff's transfer to Med Cell 2 was not supported by any "reasonably related penological interest" because Plaintiff was already in segregated housing; and (3) the timing of Plaintiff's move to Med Cell 2 supports the requisite causal connection between Plaintiff's filing of grievances and Plaintiff's placement in Med Cell 2. (Doc. No. 158 at 36, 39.) Plaintiff further argues that because he had the right to refuse medications he felt were incorrect, the fact that he refused his prescribed medical treatment on multiple occasions did not supply the defendants with any reasonable penological interest supporting his transfer to Med Cell 2. (Id. at 41.)

Looking at the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff's objections are without merit. Plaintiff has not produced any evidence supporting his retaliation claim, apart from his own belief that he was transferred to Med Cell 2 in retaliation for filing multiple grievances about his medical treatment. (Id. at 59.) Moreover, even if Plaintiff correctly submits that he rightfully refused medical treatment, his undisputed refusal to accept his medication on separate occasions (id. at 41), supports Defendants' contention that Plaintiff was placed under medical observation to gauge his compliance with his prescribed treatment, and his transfer to Med Cell 2 was reasonably related to a legitimate penological interest. See Ford v. Frame, No. 92-7049, 1994 WL 323750, at *12 (E.D. Pa. June 28, 1994)

6

("[D]efendants contend that [Plaintiff] was moved to . . . provide quick medical observation . . . . These justifications have not been rebutted by plaintiff or shown to be outside of the proper discretion of the prison officials."). Accordingly, the Court concludes that Magistrate Judge Carlson correctly recommended that summary judgment be entered in the moving defendants' favor on Plaintiff's retaliation claim, with the exception of Mike Baldwin,[2] and overrules Plaintiff's objections thereto.

C.     **Conditions of Confinement**

The proper inquiry for a conditions-of-confinement claim is whether the conditions amount to punishment of the detainee. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Pursuant to the Due Process Clause, a detainee may not be punished prior to adjudication of guilt in accordance with due process of law. Id. The Third Circuit has identified a two-step test for evaluating conditions-of-confinement claims: (1) whether any legitimate purposes are served by the conditions; and (2) whether the conditions are rationally related to those purposes. Hubbard v. Taylor, 399 F.3d 150, 159 (3d Cir. 2005). When determining whether the conditions amount to punishment of the detainee under this two-step test, the Court must assess the "totality of circumstances within an institution." Id. at 160.

Magistrate Judge Carlson recommends that the Court deny the moving defendants' motion for summary judgment on Plaintiff's conditions-of-confinement claim because they have not developed any argument in response or submitted evidence supporting entry of judgment in

---

[2] The moving defendants do not address Plaintiff's claim that defendant Mike Baldwin charged Plaintiff with a misconduct in retaliation for filing a grievance. Accordingly, Magistrate Judge Carlson recommends that the Court grant the moving defendants' motion for summary judgment on Plaintiff's retaliation claim with the exception of Mike Baldwin. (Doc. No. 142 at 29.) The Court agrees.

7

their favor. (Doc. No. 142 at 32.) Plaintiff has not filed objections to this recommendation. The Court finds that Magistrate Judge Carlson's conclusion is correct, and thus the moving defendants' motion for summary judgment on this count will be denied.

## III. CONCLUSION

For the foregoing reasons, Magistrate Judge Carlson's Report and Recommendation (Doc. No. 142) is adopted in its entirety. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON MAYO, SR., | : | |
|     Plaintiff | : | No. 1:10-cv-1869 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| COUNTY OF YORK, et al., | : | |
|     Defendants | : | |

## ORDER

**AND NOW**, on this 29th day of March 2013, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Carlson's Report and Recommendation (Doc. No. 142) is **ADOPTED**;

2. Plaintiff's objections (Doc. No. 158) are **OVERRULED**;

3. Defendants Chris Jensen, Jen Miosi, Robin Rochow, Shannon, Todd Haskins, and Mike Baldwin's motion for summary judgment (Doc. No. 122) is granted in part and denied in part as follows:

    a. **GRANTED** with respect to Plaintiff's denial of medical care claim;

    b. **GRANTED** with respect to Plaintiff's retaliation claim, with the exception of defendant Mike Baldwin; and

    c. **DENIED** with respect to Plaintiff's conditions-of-confinement claim.

4. The Clerk of Court is directed to defer entering judgment until all claims are adjudicated.

5. The case shall be referred to Magistrate Judge Schwab for further proceedings.

                                                  S/ Yvette Kane
                                                  Yvette Kane, Chief Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania